(76 App. Div. 296.)

## SHAW v. UNION BAG & PAPER CO.

(Supreme Court, Appellate Division, Third Department. November 18, 1902.)

1. SERVANT—INJURY—FACTORY ACT—FAILURE TO GUARD MACHINERY.

Factory Act (Laws 1897, c. 415) § 81, which relates to the "protection of employés operating machinery," provides that all shafting, set screws, and machinery shall be properly guarded. A servant was injured by reason of his garments being caught by the head of an unguarded screw, standing about three-fourths of an inch from the collar, which it fastened to a shaft revolving about 60 revolutions a minute, and about 12 feet above the floor. He was on a staging suspended below the shaft, and holding a paint pail for one painting beams directly over the shaft. Held, that the factory act was not applicable to the situation described; the set screw being so located that those "operating" the machinery would not come in contact with it, and plaintiff not being employed in "operating" the machinery.

Chase, J., dissenting.

Appeal from trial term.

Action by Jack Shaw, an infant, by Aaron Shaw, his guardian ad litem, against the Union Bag & Paper Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

The plaintiff, a young man about 20 years of age, was at work, with others, for the defendant, engaged in putting up new shafting and other improvements in its mill. His uncle was their foreman, and the one who hired him, and who directed him as to what particular work he should do. On the 11th of April, 1901, while so engaged, he was directed by his uncle to go up onto a small staging that hung suspended under a countershaft, and hold a paint pail for one Van Avery, who was painting some beams that were directly over the shaft. The shaft was then revolving about 60 revolutions a minute. While so holding the pail, his garments were caught by the head of a set screw that stood out about three-fourths of an inch from the collar that it fastened to the shaft; and he was whirled about the

shaft and injured. He brings this action to recover for the injuries so sustained, claiming that it was negligence on the defendant's part to leave the head of the set screw so exposed, and to put him at work so near it, without warning him of its existence. The jury rendered a verdict in his favor for $2,000, and from the judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Edgar T. Brackett, for appellant.
Richards & Pulver (T. F. Hamilton, of counsel), for respondent.

PARKER, P. J.   Whether a cause of action for negligence, as regulated by the common-law rules concerning the relations between master and servant, was made out against this defendant, we need not inquire upon this appeal; for I am of the opinion that the trial court erred in instructing the jury concerning the "Factory Act," so called, and its application to this case.   Referring to that act, the trial court stated to the jury that it "provides a law which defines the duties of the employer, so that, where a charge of negligence is made, that law may assist a court and a jury in solving the main question as to whether the accident occurred on account of the negligence of the employer."   The judge then read to them section 81 of chapter 415 of the Laws of 1897, and, after analyzing it somewhat, practically told them that, if the plaintiff went up onto the platform as a mere volunteer, he was not within the shelter or protection of that act; but, if he was sent there by his uncle to do the work of the defendant, then he came within the protection of the law, whether it be the ordinary common law, or the statute, so far as the statute does throw around him any protection.   There was considerably more said in this connection, explanatory of the law; but, taken all together, I am of the opinion that the jury may very well have understood that if the plaintiff was sent there to do his work, and did not go voluntarily, it was the duty of the defendant, by reason of this statute, to have properly guarded the set screw in question.

The shaft and set screw were hung some 12 feet above the floor, and the staging was hung some 4 feet below it.   Thus the danger of contact with it was entirely removed from all employés, except those who should go up onto the staging.   Evidently it was not so located that those employed in operating the machinery would come in contact with it, and evidently the plaintiff was not one so employed. Does the act in question define the duties of an employer toward an employé under such conditions?   I think not.   As stated in the act, it is for the "protection of employees operating machinery"; that is, those whose duties require them to work about machinery in motion, —those who cannot do their work, except when assisted by such motion, and therefore must work in the midst of it.   Clearly, the work of constructing this new workroom, of hanging this new shafting, and of painting the timbers on which it hung, could, and possibly should, have been done without the shaft being in motion; and no special statute was required to protect the workmen so employed. The defendant might well have understood that no special care or

duty was imposed upon it with reference to such employés by the statute in question, and that the common-law rule would furnish the full measure of its liability to its employés under such circumstances; and I think that the jury should have been instructed to that effect.

The real question for the jury was whether, in their judgment, it was an imprudent and negligent act to send the plaintiff onto that platform to assist the painter, while the shaft, with its unguarded screw head, was in motion. By the charge there was woven into that question the suggestion that the statute required such screw head to be properly protected, and that negligence might be predicated upon the defendant's failure to obey that requirement. But for such a situation as here presented the statute was not needed and does not apply. The cases of Foster v. Paper Co., 71 App. Div. 47, 53, 75 N. Y. Supp. 610, and Glens Falls Portland Cement Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897, are authorities tending to sustain this view.

For this error in the charge, this judgment must be reversed, and a new trial granted, with costs to appellant to abide event. All concur, except CHASE, J., who dissents.